UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

GIGANET SYSTEMS, INC.                : CIVIL ACTION NO.:

v.                                   :

CORE TECHNOLOGIES, LLC               : DECEMBER 27, 2018
and PETER R. SIKES

_____

## COMPLAINT

### Statement of Jurisdiction and Venue

1. Plaintiff GigaNet Systems, Inc. ("GigaNet") is a Texas Corporation with its principal place of business in Round Rock, Texas.

2. Defendant Core Technologies, LLC ("Core") is a Connecticut limited liability company whose members, upon information and belief, are residents of Connecticut.

3. Peter R. Sikes is an individual who resides in Madison, CT.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this action is between citizens of different states and involves more than $75,000 in dispute, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because all defendants reside in the district and 28 U.S.C. §1391(b)(2) because the events or circumstances giving rise to the claims occurred in this District.

### Background

6. GigaNet Systems, Inc. is a corporation which provides goods and services to high technology companies particularly in the field of data storage.

7. From 2011 through 2018, Defendant Core Technologies, LLC has provided products and services to end users in the field of technology business.

## First Count
### (Breach of Contract Against Core Technologies, LLC)

1-7. Paragraphs 1-7 of this Complaint are repeated and re-alleged as if fully set forth herein.

8. On February 28, 2017, Core issued a purchase order for a one year maintenance renewal for EMC Corporation, which has been acquired by Dell, Inc., ("Dell/EMC") pursuant to which purchase order, payment was to be made within 45 days. GigaNet generated a corresponding invoice. Copies of the purchase order and invoice are attached hereto as Exhibits A and B.

9. This invoice for $79,863.59 remains unpaid.

10. By failing to pay this invoice when due, Core has breached its contract with GigaNet causing GigaNet to suffer damages.

## Second Count
### (Breach of Contract Against Core Technologies, LLC)

1-10. Paragraphs 1-10 of this Complaint are repeated and re-alleged as if fully set forth herein.

11. On March 27, 2017, Core issued a purchase order for a one year maintenance renewal for Dell/EMC pursuant to which purchase order, payment was to be made within 45 days. GigaNet generated a corresponding invoice. Copies of the purchase order and invoice are attached hereto as Exhibits C and D.

12. This invoice for $17,475.22 remains unpaid.

13. By failing to pay this invoice when due, Core has breached its contract with GigaNet causing GigaNet to suffer damages.

### Third Count
**(Breach of Contract Against Core Technologies, LLC)**

1-13. Paragraphs 1-13 of this Complaint are repeated and re-alleged as if fully set forth herein.

14. On December 22, 2017, Core issued a purchase order for a one year maintenance renewal for Dell/EMC pursuant to which purchase order, payment was to be made within 45 days. GigaNet generated a corresponding invoice. Copies of the purchase order and invoice are attached hereto as Exhibits E and F.

15. This invoice for $81,200.66 remains unpaid.

16. By failing to pay this invoice when due, Core has breached its contract with GigaNet causing GigaNet to suffer damages.

### Fourth Count
**(Breach of Contract Against Core Technologies, LLC)**

1-16. Paragraphs 1-16 of this Complaint are repeated and re-alleged as if fully set forth herein.

17. On February 21, 2018, Core issued a purchase order for a one year maintenance renewal for Dell/EMC pursuant to which purchase order, payment was to be made within 45 days. GigaNet generated a corresponding invoice. Copies of the purchase order and invoice are attached hereto as Exhibits G and H.

18. This invoice for $11,829.14 remains unpaid.

19. By failing to pay this invoice when due, Core has breached its contract with GigaNet causing GigaNet to suffer damages.

## Fifth Count
### (Fraud in the Inducement against Peter R. Sikes)

1-19.  Paragraphs 1-19 of this Complaint are repeated and re-alleged as if fully set forth herein.

20.  Upon information and belief, by no later than January 2018, Defendant Sikes was aware that Core was unable to pay its debts as they became due.

21.  Upon information and belief, as of January 2018, Sikes had received a demand letter to repay the loans that Core had with Wells Fargo Bank, N.A. ("Wells Fargo").

22.  The process by which each invoice was paid was that Dell/EMC would pay Core, Core would take commission and then pay GigaNet.  In the case of the 5 invoices set forth in the first five counts, Dell/EMC paid Core, but Core did not pay GigaNet.

23.  By January 2018, Sikes knew that Core would be unable to pay for the purchase orders it placed with GigaNet, particularly since Sikes was directing Core's payments to Wells Fargo to reduce his personal liability.  Nevertheless, on January 12, 2018, Sikes directed Core to place the purchase order attached as Exhibit E.

24.  At the time Sikes directed Core to place Exhibit E, he knew Core would be unable to pay it.  Accordingly, Exhibit E was a representation by Sikes that he knew to be false designated to induce GigaNet to provide goods and services to Dell/EMC for which GigaNet would never be paid.  As a result of Sikes' false representations, Plaintiff has suffered damages.

25.  Sikes' conduct was willful, wanton and/or malicious and resulted in damage to GigaNet.

## Sixth Count
### (Fraud in the Inducement against Peter R. Sikes)

1-25. Paragraphs 1-25 of this Complaint are repeated and re-alleged as if fully set forth herein.

26. Upon information and belief, by no later than January 2018, Defendant Sikes was aware that Core was unable to pay its debts as they became due.

27. Upon information and belief, as of January 2018, Sikes had received a demand letter to repay the loans that Core had with Wells Fargo Bank, N.A. ("Wells Fargo").

28. The process by which each invoice was paid was that Dell/EMC would pay Core, Core would take commission and then pay GigaNet. In the case of the 5 invoices set forth in the first five counts, Dell/EMC paid Core, but Core did not pay GigaNet.

29. By January 2018, Sikes knew that Core would be unable to pay for the purchase orders it placed with GigaNet, particularly since Sikes was directing Core's payments to Wells Fargo to reduce his personal liability. Nevertheless, on February 21, 2018, Sikes directed Core to place the purchase order attached as Exhibit G.

30. At the time Sikes directed Core to place Exhibit G, he knew Core would be unable to pay it. Accordingly, Exhibit G was a representation by Sikes that he knew to be false designated to induce GigaNet to provide goods and services to EMC for which GigaNet would never be paid. As a result of Sikes' false representations, Plaintiff has suffered damages.

31. Sikes' conduct was willful, wanton and/or malicious and resulted in damage to GigaNet.

## Seventh Count
**(Connecticut Unfair Trade Practices Act - CUTPA)**

1-31.   Paragraphs 1-31 of this Complaint are repeated and re-alleged as if fully set forth herein.

32.   At all relevant times, Sikes was engaged in trade or commerce.

33.   By soliciting goods and services to benefit Core even though he knew Core would not pay for them, Sikes was engaged in unfair or deceptive trade practices in violation of Conn. Gen. Stat. §42-110a *et seq*.

34.   As a result of Sikes unfair or deceptive trade practices, Plaintiff has suffered an ascertainable economic loss.

**WHEREFORE**, Plaintiff claims:

a.     damages;

b.     punitive damages;

c.     interest;

d.     attorney's fees pursuant to Conn. Gen. Stat. §42-110g(d);

e.     punitive damages pursuant to Conn. Gen. Stat. §42-110g(a); and

f.     such other legal or equitable relief as the Court may deem appropriate.

                       **GIGANET SYSTEMS, INC.**

By:    /s/ *Jeffrey Hellman*
         Jeffrey Hellman (ct04102)
         Law Offices of Jeffrey Hellman, LLC
         195 Church Street, 10th Floor
         New Haven, CT  06510
         Tel.:  (203) 691-8762
         jeff@jeffhallmanlaw.com