UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GIGANET SYSTEMS, INC.<br>    Plaintiff, | Case No.: 3:18-cv-02138-SRU |
| v. | |
| CORE TECHNOLOGIES, LLC and<br>PETER R. SIKES<br>    Defendants. | November 2, 2021 |

## MOTION TO QUASH

Peter Sikes moves to quash the Subpoena dated October 29, 2021, as attached, pursuant to Federal Rule of Civil Procedure 45 on the grounds that it is an improper intrusion into unnecessary banking records and is greatly excessive in scope and time.

The Plaintiff seeks numerous years of banking records for no relevant purpose from Wells Fargo Bank regarding a defunct company, Core Technologies LLC ("Core"). A copy is annexed hereto. Records are sought from March 21, 2015 - March 21, 2019. The subpoena seeks "all documents ... all communications and other matters over a 4 year span". This subpoena is excessively over broad, is not tailored to the limited issues in this litigation and is unnecessary.

The Plaintiff never conducted any business with Defendant Sikes; only with Core. The Plaintiff is not a creditor of Mr. Sikes; only of Core. Defendant Sikes does not owe any money to the Plaintiff, only Core does. Despite these facts the Plaintiff alleges that Mr. Sikes defrauded it into continuing business with Core when he allegedly knew, for an absolute fact, that Core would not be able to pay the Plaintiff.

The time relevant time frame in the case is very limited. The alleged misrepresentation occurred in January 2018 with a few specific sales soon thereafter, according to the complaint. Furthermore, the banking records have nothing to do with the Sike's alleged misrepresentations in January 2018. The Plaintiff is on a fishing expedition in an attempt to find something that might assist its case.

Wells Fargo is not a party to any legal proceeding. The creditor must therefore sustain its substantial burden of proving that its legitimate need for 3rd party discovery for 48 months of documents outweighs Core's and Wells Fargo's valid interest in not disclosing private financial records. This creditor is unable to do so because the are but a few possible documents within a limited time frame relevant to its complaint.

Federal Rule of Civil Procedure 26 is relevant in the analysis because it defines the permissible scope of discovery and a Rule 45 subpoena is subject to that same scope. In considering a motion to quash a subpoena duces tecum, the court must also consider whether the subpoena is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b). Federal Rule of Civil Procedure 26(b)(1) provides for a proportional scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Federal Rule of Civil

Procedure 26(b)(1).

To obtain discovery from a nonparty, a party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure. Furthermore, Rule 26(b)(2)( c) also requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1)" FRCP 26(b)(2)(C)(i)-(iii).

## Requests to Nonparties Must Be Proportional to the Needs of the Case

In Miceli v Mehr, No. 3:17 cv-00029, 2018 U S Dist. Lexis 736996 (D. Conn. 8/14/18), the court relied on the relevancy standard of Rule 26, including the requirement of proportionality, in granting a nonparty motion to quash. Miceli sued the town of Rocky Hill, its manager Mehr and several individual defendants, including the police lieutenant, for alleged discrimination and wrongful termination. Miceli served a subpoena on a law firm that Rocky Hill had engaged previously to conduct an internal affairs investigation that was terminated before its conclusion but after a draft report had been prepared. Miceli's request to the law firm sought all documents regarding the investigation, including, but not limited to, the internal affairs investigation, statements, exhibits — which the defendants had refused to produce — and other evidence.

The court, noting that the Rule 26 relevancy standard governs a Rule 45 subpoena, examined whether the exhibits and notes were relevant. Taking into consideration factors including the "parties' relative access to relevant information" and

"the importance of the discovery in resolving the issues," 22 the court determined that the previous disclosure of the draft report, without its exhibits, satisfied the needs of the case. "[T]he discovery Mr. Miceli seeks is insufficiently related to any of his claims or defenses, and where not irrelevant, it is disproportional to the value of the requested information and the needs of the case." The court granted the motion to quash and denied the motion to compel.

THEREFORE, the Defendant respectfully moves the Court grant his Motion to Quash the subpoena directed to Wells Fargo Bank seeking banking records of nonparty Core Technologies, LLC.

THE DEFENDANT,
PETER SIKES

BY: _____
James M. Nugent    ct08822
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Suite 100
Milford, CT 06460
Tele No. (203) 878-0661
Fax No. (203) 878-9568
jmn@quidproquo.com

## CERTIFICATION

I hereby certify that on November 2, 2021, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
James M. Nugent