UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| GIGANET SYSTEMS, INC. | : | CIVIL ACTION NO.: 3:18-cv-02138-SRU |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CORE TECHNOLOGIES, LLC | : | NOVEMBER 16, 2021 |
| and PETER R. SIKES | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPORT OF PARTIES' PLANNING MEETING
PURSUANT TO FED. R. CIV. P. 26(f)**

| | |
|---|---|
| **Date Complaint Filed:** | December 27, 2018 |
| **Date Complaint Served:** | January 4, 2019 on Core Technologies, LLC; January 10, 2019 on Peter R. Sikes |
| **Date of Defendant's Appearance:** | No appearance by Core Technologies, LLC; January 23, 2019 by James M. Nugent on behalf of Peter R. Sikes |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16 and 26(f), on

**November 10, 2021** at **2:00 p.m.**, counsel for the plaintiff, GigaNet Systems, Inc. and counsel

for the defendant, Peter R. Sikes held a conference. Participants in the conference were as

follows:

*For Plaintiff GigaNet Systems, Inc. ("GigaNet")*:

Jeffrey Hellman
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Email: jeff@jeffhellmanlaw.com

*For Defendant Peter R. Sikes ("Defendant Sikes")*:

James M. Nugent
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Ste. 100
Milford, CT 06460
Tel.: 203.878.0661
JMN@quidproquo.com

    Following the foregoing conference, the parties prepared this Rule 26(f) report for the court's consideration.

**I.    CERTIFICATION**

    Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   JURISDICTION**

*Subject Matter Jurisdiction*.

This matter is within the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

**III.  BRIEF DESCRIPTION OF CASE**

    A.    *Claims of Plaintiff.*

The plaintiff, GigaNet Systems, Inc. ("GigaNet" or "Plaintiff") claims that the defendants, Core Technologies, LLC ("Core") and Peter R. Sikes ("Sikes") (collectively, the "Defendants") issued, and/or caused to be issued, purchase orders for one-year maintenance renewals for EMC Corporation, which has been acquired by Dell, Inc. ("Dell/EMC"), pursuant

to which purchase orders, payments were to be made within 45 days.  Plaintiff generated corresponding invoices, but Defendants failed to pay the invoices when due.  The process by which each invoice was paid was that Dell/EMC would pay Core, Core would take commission and then pay GigaNet.  In the case of five (5) different invoices, Dell/EMC paid Core, but Core did not pay GigaNet.

Sikes continued to place purchase orders even though he was aware that Core was unable to pay its debts as they became due.  As of January 2018, Sikes had received a demand letter to repay the loans that Core had with Wells Fargo Bank, N.A. ("Wells Fargo"), thus Sikes knew that Core would be unable to pay for the purchase orders it placed with GigaNet, particularly since Sikes was directing Core's payments to Wells Fargo to reduce his personal liability.  Nevertheless, Sikes continued to direct Core to place the purchase orders knowing that Core would be unable to pay them.  Sikes was inducing GigaNet to provide goods and services to Dell/EMC for which GigaNet would never be paid.

   B.  *Defense(s) of Defendant Sikes*

Mr. Sikes never transacted business with the Plaintiff personally.  Sikes did not guarantee Core's debt. All business was transacted between the Plaintiff and Core which enjoyed a lengthy business relationship starting in 2010.   Core began to experience financial difficulties in 2014 and periodically informed Giganet  about these issues which choose to continue doing business with Core nonetheless.

Core had a credit line with Wells Fargo Bank which renewed annually  and had been routinely renewed each year.  On Jan. 30. 2018 Core received a letter from  Wells in which it informed Core it was not going to renew the line and demanded payment in full.  This was Core's and

3

Sike's first notification that the line would not be renewed. All purchase orders issued by Core to Giganet up to that time preceded this notification.

18 days later Core issued a purchase order to the Plaintiff for $11,829.00. This was the only order issued to Giganet by Core after Wells Fargo demanded full payment. Skies engaged with Wells Fargo numerous times thereafter attempting to convince them to renew the line and firmly believed that he could rectify the issue. Ultimately, he was not successful.

Sikes denies any attempt to defraud the Plaintiff.

### IV.  STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute which are as follows:

1. Defendant Core Technologies, LLC is a Connecticut limited liability company whose members, upon information and belief, are residents of Connecticut.

2. Peter R. Sikes is an individual who resides in Madison, CT.

3. On February 28, 2017, Core issued a purchase order for a one year maintenance renewal for EMC Corporation, which has been acquired by Dell, Inc., ("Dell/EMC") pursuant to which purchase order, payment was to be made within 45 days. GigaNet generated a corresponding invoice.

4. On March 27, 2017, Core issued a purchase order for a one year maintenance renewal for Dell/EMC pursuant to which purchase order, payment was to be made within 45 days. GigaNet generated a corresponding invoice.

5. On December 22, 2017, Core issued a purchase order for a one year maintenance renewal for Dell/EMC pursuant to which purchase order, payment was to be made within 45 days. GigaNet generated a corresponding invoice.

6. On February 21, 2018, Core issued a purchase order for a one year maintenance renewal for Dell/EMC pursuant to which purchase order, payment was to be made within 45 days. GigaNet generated a corresponding invoice.

7. At all relevant times, Plaintiff only transacted business with Core.

**V.  CASE MANAGEMENT PLAN**

    A. *Scheduling Conference with the Court*. The undersigned do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    B. *Early Settlement Conference*.

        1. The undersigned have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

        2. The undersigned are not willing to mediate this case.

    C. *Joinder of Parties and Amendment of Pleadings*.

    n/a

    D. *Discovery*.

        a. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by March 31, 2022.

        b. Discovery will not be conducted in phases.

        c. Fact discovery will be completed by March 31, 2022.

        d.        The parties anticipate that Plaintiff will require a total of five (5) depositions.

        e.        The parties do not request permission to serve more than twenty-five (25) interrogatories.

        f.        Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: no such procedures are required as discovery in this case is not likely to involve the production of electronically-stored information.

        g.        Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product information, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production: entering into a confidentiality agreement with a clawback provision.

F.    *Dispositive Motions*.

Any dispositive motions will be filed on or before May 15, 2022.

G.    *Joint Trial Memorandum*.

A joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by June 1, 2022, or thirty (30) days after the court has ruled on a dispositive motion submitted by one of the parties, whichever is later.

6

**VI.    TRIAL READINESS**

The case will be ready for trial after the parties' submission of their joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

*Respectfully submitted*,

      **PLAINTIFF**
      **GIGANET SYSTEMS, INC.**

By:    /s/ *Jeffrey Hellman*
        Jeffrey Hellman, Esq.
        Law Offices of Jeffrey Hellman, LLC
        195 Church Street, 10th Floor
        New Haven, CT  06510
        Tel.:  (203) 691-8762
        jeff@jeffhallmanlaw.com
        Federal Bar No.:  ct04102

      **DEFENDANT**
      **PETER R. SIKES**

By:    /s/ *James M. Nugent*
        James M. Nugent, Esq.
        Harlow, Adams & Friedman, P.C.
        One New Haven Avenue, Suite 100
        Milford, CT 06460
        Jmn@quidproquo.com
        Federal Bar No.: ct08822

## **CERTIFICATE OF SERVICE**

      This is to certify that, on November 16, 2021, a copy of the forgoing Report of Parties' Planning Meeting was sent by U.S., postage prepaid, mail, or by operation of the Court's CM/ECF system to the following:

Core Technologies, Inc.
c/o Michael R. Corsello, Esq.
Agent for Service
10 Byington Place
Norwalk, CT 06850

James M. Nugent
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Suite 100
Milford, CT 06460
Jmn@quidproquo.com

                                                  By:    /s/ *Jeffrey Hellman*
                                                              Jeffrey Hellman